### SENTERFITT v. BRADLEY et al.
### No. 7867.

Court of Civil Appeals of Texas. Austin.

May 10, 1933.

H. F. Lewis and Roy L. Walker, both of Lampasas, for appellant.

R. T. Miller and White, Taylor & Gardner, all of Austin, for appellees.

BLAIR, Justice.

Appellant, Senterfitt, sued R. C. Bradley, alleging that on January 1, '1931, defendant executed a note to appellant for $250, secured by a chattel mortgage on certain personal property, and on "all crops raised by said defendant on 80 acres of land on Clarence Dillingham's farm, located at Briggs, and 60 acres on the 150-acre place owned by H. V. Campbell and Mrs. Joe Fields, about 8½ miles south of Lampasas"; and further, "also any other crop or crops I may plant or acquire by purchase or otherwise and the same to be properly cultivated and harvested, that I may raise on Dillingham, Campbell and Field, or any other farm during the year 1931."

Appellant further alleged that of said crops raised and prepared for market on the lands, there were ginned and baled three certain bales of cotton which were alleged to be covered by the mortgage clause last above quoted, and which constitute the subject-matter of this appeal.

Appellee W. S. Dillingham was made a party defendant upon the allegation that he had converted the three bales of cotton, and was asserting some claim thereto. Appellee answered, alleging that on April 21, 1931, the defendant Bradley leased 16 acres of land from W. C. Dillingham, and at the time of the lease the said W. C. Dillingham reserved both a landlord's and contract lien on the crops to be grown on said 16 acres during the year 1931 as security for the payment of a note executed by Bradley to W. C. Dillingham in the sum of $100; that said note and liens were later transferred to appellee W. S. Dillingham for a valuable consideration; that after defendant Bradley delivered to W. S. Dillingham said three bales of cotton in controversy, appellant caused a writ of sequestration to be issued, and seized the cotton thereunder and converted same to his own use and benefit, to appellee's damage in the sum of $17.17, with interest thereon from the date of the conversion; and appellee prayed that his "title to said cotton be established and his lien sustained"; and for judgment for his damages.

The court rendered judgment to the effect that the three bales of cotton in controversy were not included in appellant's mortgage, and that he had no interest therein; that the three bales of cotton had been theretofore delivered by Bradley to appellee under his contract of April 21, 1931; and the judgment further established and sustained appellee's title to said cotton, and ordered the sheriff to deliver same to appellee. The court also gave appellee judgment against appellant for the damage sustained by reason of the decrease in the value of the cotton from the date it was sequestered until the date of judg-

ment, together with interest and costs. The court rendered judgment against defendant Bradley in favor of appellant, foreclosing his mortgage, and for the amount of his debt with interest and attorney's fees.

Five propositions are urged by appellant. He first contends that since his mortgage, dated January 1, 1931, covered after-acquired property, and was duly recorded, it was therefore prior and superior to the mortgage of appellee dated April 21, 1931. This contention is not sustained because appellant neither alleged nor proved that at the time the mortgage was executed either party thereto anticipated or contemplated the acquisition by mortgagor Bradley of the particular property upon which the lien is sought to be enforced, or that they intended to include same in the mortgage.

It is settled law that a valid mortgage may be had upon after-acquired property, but the law requires that it shall be established by certain well-defined rules. One of these rules is that it must be shown that at the date the mortgage was executed the parties thereto "anticipated the acquisition by the grantor of the very property upon which the lien is sought to be fixed and foreclosed, and intended that it should be subject thereto." Richardson v. Washington, 88 Tex. 339, 31 S. W. 614, 617; Prator v. Washington (Tex. Civ. App.) 277 S. W. 704. This rule is applicable here. The 16-acre tract was not mentioned or referred to at the time of the execution of the mortgage to appellant. In fact, defendant Bradley had not rented the 16 acres of land on which the cotton in controversy was raised at that time; and there is no evidence that he contemplated doing so.

Under our above conclusion that appellant's mortgage did not cover the three bales of cotton in controversy, the remaining contentions of appellant, save one, become immaterial. The remaining contention that the judgment is not clear and intelligible and responsive to the issues raised is not sustained. With respect to appellant's judgment against defendant Bradley, it is shown that he recovered the full face value of the note, together with interest to date of judgment, and with interest thereon at the rate of 10 per cent. per annum, together with $28.33 as attorney's fees. If the interest was not calculated, both the note and judgment provided for 10 per cent. interest, and it may be calculated upon that basis; and the clear intent and purport of the judgment is to allow interest at 10 per cent. per annum upon the debt owed by defendant Bradley to appellant.

We find no error in the trial court's judgment, and it is affirmed.

Affirmed.